[Sac. No. 1933. Department Two.—September 23, 1912.]

LEMOORE CANAL AND IRRIGATION COMPANY (a Corporation), Appellant, v. EMMA E. McKENNA, as Executrix of the Last Will and Testament of Richard E. McKenna, Deceased, Respondent.

CORPORATION—AGREEMENT FOR PURCHASE OF OWN STOCK FOR DELINQUENT ASSESSMENT—STOCK TO BE HELD IN TRUST BY PURCHASER—INVALID AGREEMENT.—An agreement between a corporation and one of its directors that the latter should purchase certain shares of its own stock at a sale for a delinquent assessment, if no other bidder should offer the amount of assessment, costs, and charges due thereon, and hold it in trust for the corporation, and pay subsequent assessments thereon, and that the corporation would repay the expenditures in that behalf, is absolutely void as being both in violation of express statute and as against public policy.

ID.—LIMITATIONS ON CORPORATION'S POWER TO ACQUIRE STOCK FOR
ASSESSMENT—OBJECT OF STATUTE.—Section 343 of the Civil Code
provides what must be done after the purchase by a corporation of
its own stock at a delinquent assessment sale. Its provisions are
not merely directory, but are themselves the measure of the corpora-
tion's power so to acquire its own stock. The purpose of the section
is to prevent boards of directors from continuing themselves in
power by secret manipulation of the stock through trustees.

ID.—PLEADING—INSUFFICIENT AVERMENT OF "UNDERSTANDING" WITH
CORPORATION.—An allegation in the complaint of the bare conclu-
sion that there is an "understanding" between a corporation and one
of its directors that the latter shall hold certain stock in trust for
it, without any averment of the legal action of its authorized officials
by which the "understanding" was reached, is insufficient to show
the existence of an agreement to that effect.

APPEAL from a judgment of the Superior Court of Kings
County. John G. Covert, Judge.

The facts are stated in the opinion of the court.

Houghton & Houghton, for Appellant.

F. J. Walker, for Respondent.

MELVIN, J.—Appeal from the judgment entered after a
demurrer to plaintiff's amended complaint had been sus-
tained without leave to amend further. The action was one
to declare a trust in defendant's decedent, and in defendant
as his executrix, and to enforce such trust by the transfer
to the Lemoore Canal and Irrigation Company of one-half
of a share of its own stock, upon payment to Richard E.
McKenna's estate, with interest, of the amount expended in
the purchase of the said stock and in assessments thereon.
According to the allegations of the complaint the one-half
share of stock which is now sought by the plaintiff corpora-
tion, was duly sold in January, 1907, because of the failure
of the owner to pay a certain assessment. McKenna, who
was then, and until a short time prior to his death in July,
1908, a director of the corporation plaintiff, bought the stock.
The really important allegations of the complaint are all
upon information and belief. "It was understood and
agreed," according to the complaint, by and between the

Lemoore Canal and Irrigation Company, its board of directors, and said R. E. McKenna, that he should purchase the stock at the public sale, if no other bidder should offer the amount of assessment, costs, and charges due thereon; that he should hold it in trust for the plaintiff corporation; that he should pay the assessments thereon; that the corporation pledged itself to repay his expenditures in that behalf, together with interest; and that said McKenna accepted the trust. It appears that several assessments had been paid by McKenna in his lifetime and by his executrix after his death before the corporation did anything toward enforcing the alleged trust in its favor.

Conceding, without deciding, that allegation upon information and belief of essential facts which should be peculiarly within the knowledge of the plaintiff is sufficient, still the complaint falls far short of stating a cause of action. The trust which plaintiff seeks to enforce is one which the directors of the Lemoore Canal and Irrigation Company were powerless to create, and was, moreover, one in violation of sound public policy. The powers given to corporations with reference to their own stock are purely statutory. Section 343 of the Civil Code provides what must be done after the purchase of stock for the corporation by its president, secretary, or a member of its board of directors. The amount of the costs, assessments, and charges must be credited upon the books of the corporation as paid in full; the stock must be transferred to the corporation on its books; and finally the stock, while it remains the property of the corporation, is nonassessable. According to the complaint all of these provisions were violated. The stock was reissued to McKenna in his own name; assessments were levied against it; and we must assume, wanting averment upon that subject, that no transfer of the stock to itself was made, but that the corporation's books correctly showed the issuance of the one-half share to the purchaser individually. Confronted with these matters, plaintiff declares that even conceding the violation of the law by its directors, the defendant should be declared a trustee *de son tort* holding the stock for the benefit of the stockholders. This might be true if the directors had merely acted in violation of a directory statute, but the attempted trust was absolutely void. The provisions of section 343 of

the Civil Code are not merely directory, but are themselves the measure of the corporation's power to acquire its own stock sold for failure to pay assessments. Hence the alleged contract was void as being in violation of express statute. It was further void as against public policy. The very purpose of section 343 of the Civil Code is to prevent boards of directors from continuing themselves in power by secret manipulation of the stock through trustees. If such were not the object of that statute a board of directors might secretly purchase, through a trustee, enough stock to give them, when added to that openly theirs, the balance of power whereby they might accomplish their own selfish ends, and then, having enjoyed the positive voting strength of the stock held in trust, in disobedience not only to the provisions of section 343, but also of section 344 of the Civil Code, by giving such stock equal value with that of other owners in fixing the majority necessary to control a stockholders' meeting, they might repurchase the stock from the trustee with the corporation's moneys. It is no answer to this conclusion to say that no such sinister use of the stock appears here. We are dealing with the policy of the law which makes contracts like that set forth in this pleading absolutely void. The law looks to the tendency of such an agreement, not to the results in a given case.

The statement of the existence of a contract between the corporation and McKenna is not sufficient. An averment upon information and belief that there is an "understanding and agreement" between a corporation and one of its directors that the latter shall hold certain stock in trust is about as tenuous as a pleading well could be. The only method by which a corporation reaches an "understanding" is by the legal action of its duly authorized officials. No such action is pleaded. A complaint alleging the bare conclusion that there is such "understanding" in existence is not sufficient.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.